IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER A. LOWRY and FOUNTAINHEAD RETIREMENT PLAN SERVICES, INC. d/b/a 401(k) UNIVERSITY,<br><br>Defendants. | CIVIL ACTION<br>FILE NO. 00-348 (MJD/JGL) |

**TEMPORARY RESTRAINING ORDER**

This cause coming on to be heard on motion of the Plaintiff United States Securities and Exchange Commission ("Commission"), for a Temporary Restraining Order, the Court having considered the Plaintiff's Verified Complaint, Motion for Temporary Restraining Order, Affidavit of John L. Milan and Memorandum of Law in Support of its motion, and being fully advised in the premises, finds:

1. That this Court has jurisdiction of the subject matter of this case and that there is good cause to believe it will have jurisdiction of all parties hereto.

2. That there is good cause to believe that Defendants Christopher A. Lowry ("Lowry") and Fountainhead Retirement Plan Services, Inc. d/b/a 401(k) University ("401(k) University") have engaged, are engaged and are about to engage in acts, practices and courses of business which constitute violations of Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act of

FILED FEB 15 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

1933 (the "Securities Act"), 15 U.S.C. §§ 77q(a)(1), 77q(a)(2) and 77q(a)(3), Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5, thereunder, 17 C.F.R. § 240.10b-5.

3. That it appears that without an immediate order: (a) enjoining Lowry and 401(k) University from violating the securities laws set forth herein; (b) freezing Lowry and 401(k) University's assets; (c) requiring an accounting of funds obtained from investors by 401(k) University; and (d) prohibiting all Lowry and 401(k) University from destroying documents, Lowry and 401(k) University are likely to continue to violate the antifraud provisions of the federal securities laws and investor funds may be dissipated, among other things.

**I.**

**IT IS THEREFORE ORDERED** that Defendants Lowry and 401(k) University, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, as principals or aiders and abettors, in the offer or sale of 401(k) University stock or any other security, by the use of the means or instruments of transportation or communication in interstate commerce or by the use of the mails, employing devices, schemes or artifices to defraud; obtaining money or property by means of untrue statements of material facts or omissions of material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or engaging in transactions, practices or courses of business which operate or would operate as a fraud or deceit upon purchasers or

prospective purchasers of 401(k) University stock or any other security, in violation of Sections 17(a)(1), 17(a)(2) or 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(1), 77q(a)(2) or 77q(a)(3).

II.

**IT IS FURTHER ORDERED** that Defendants Lowry and 401(k) University, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, as principals or aiders and abettors, in connection with the purchase or sale of 401(k) University stock or any other security, by the use of the means or instrumentalities of interstate commerce or of the mails, employing devices, schemes or artifices to defraud; making untrue statements of material facts or omissions of material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or engaging in acts, practices or courses of business which operated or will operate as a fraud or deceit upon purchasers or sellers or prospective purchasers or sellers of 401(k) University stock or any other security, in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5, 17 CFR 240.10b-5 promulgated thereunder.

III.

**IT IS FURTHER ORDERED** that:

A. Defendants Lowry and 401(k) University, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby temporarily restrained and enjoined from, directly or indirectly, transferring, selling, assigning, pledging, dissipating, concealing or otherwise disposing of, in any manner, any funds, assets, or other property belonging to, or in the possession, custody or control of Defendants Lowry or 401(k) University, wherever located; and that

B. Any financial or brokerage institution or other person or entity located within the territorial jurisdiction of the United States courts and holding any funds or other assets in the name, for the benefit or under the control of Lowry or 401(k) University and which receives actual notice of this Order by personal service, express courier service, facsimile or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets.

IV.

**IT IS FURTHER ORDERED** that Defendants Lowry and 401(k) University:

A. produce to the Plaintiff, within four days of the issuance of this Order, all current accountant's reports, bank statements, documents indicating title to real or personal property, and any other indicia of ownership or interest in property of Lowry or 401(k) University, which indicia of ownership or interest are now in the Defendants' actual or constructive possession;

B. produce to the Plaintiff, within four days of the issuance of this Order, all books, records and other documents in Lowry and 401(k) University's actual or constructive possession relating to the offer or sale of the stock of 401(k) University;

C. provide to the Court, within four days of the issuance of this Order, an accounting of all funds received from investors in connection with the sale of 401(k) University stock, the uses to which such investor funds were put and the amounts of any remaining such funds and their location, and an accounting of any remaining assets of the Defendants, and their location; provided, however, that nothing in this Order shall be construed to require the Defendants to abandon any constitutional or other legal privilege which they may have available to them; and

D. produce to the Plaintiff, within four days of the issuance of this Order, all books, records and other documents supporting or underlying the accounting provided to the Court pursuant to Paragraph IV.C. above.

**IV.**

**IT IS FURTHER ORDERED** that Defendants Lowry and 401(k) University, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby temporarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering or disposing of, in any manner, any of the books, records, documents, computer data, correspondence, brochures, manuals, obligations or other property of or pertaining to the Defendants Lowry or 401(k) University, wherever located.

**VI.**

**IT IS FURTHER ORDERED** that:

A. This Temporary Restraining Order shall expire at 9:00 o'clock a .m. on the 24 day of February, 2000, or such later date as may be extended by the Court, or agreed upon by the parties hereto.

B. That a hearing be set before this Court on the 24 day of February, 2000, at the hour of 9:00 o'clock, a m., and then and there show cause why a Preliminary Injunction should not be granted in accordance with the prayer of Plaintiff's Complaint.

C. That the parties may commence discovery immediately, and that notice periods arc shortened to permit the parties to require the production of documents, response to interrogatories, or the deposition of any party or party-representative, on 72 hours notice.

D. that the Court shall retain jurisdiction of this action for all purposes.

**ENTER**

Michael J. [signature]

**UNITED STATES DISTRICT COURT JUDGE**

Dated this 15th day of February, 2000
at the hour of 2:50 o'clock p. m.