IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER A. LOWRY and FOUNTAINHEAD RETIREMENT PLAN SERVICES, INC. d/b/a 401(k) UNIVERSITY,<br><br>Defendants. | CIVIL ACTION<br>FILE NO. 00-348 (MJD/JGL) |

**ORDER OF PRELIMINARY INJUNCTION AND OTHER RELIEF**

Plaintiff, the Securities and Exchange Commission ("SEC"), filed a Verified Complaint in the matter on February 15, 2000 and requested as relief, among other things, a Temporary Restraining Order ("TRO") and Order of Preliminary Injunction ("Order"). On February 15, 2000, the TRO was entered by the Honorable Michael J. Davis against Defendants Christopher A. Lowry ("Lowry") and Fountainhead Retirement Plan Services, Inc. d/b/a 401(k) University ("401(k) University"). Lowry and 401(k) University have, in their Consent and Stipulation attached hereto and incorporated herein, acknowledged receipt of the Verified Complaint, admit the jurisdiction of this Court over them and the subject matter thereof. Lowry and 401(k) University, without admitting or denying the allegations of the Verified Complaint except as to jurisdiction, and without a hearing, argument or adjudication of any facts or law, have consented to the entry of this Order. The SEC, Lowry and 401(k) University waive the

FILED____________________
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______________
DEPUTY CLERK_______________

entry of findings of fact and conclusions of law, as provided by Rule 52 of the Federal Rules of Civil Procedure. The Court having jurisdiction over the parties and the subject matter, and being fully advised in the premises orders as follows:

I.

**IT IS ORDERED** that Defendants Lowry and 401(k) University, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, as principals or aiders and abettors, in the offer or sale of 401(k) University stock or any other security, by the use of the means or instruments of transportation or communication in interstate commerce or by the use of the mails, employing devices, schemes or artifices to defraud; obtaining money or property by means of untrue statements of material facts or omissions of material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or engaging in transactions, practices or courses of business which operate or would operate as a fraud or deceit upon purchasers or prospective purchasers of 401(k) University stock or any other security, in violation of Sections 17(a)(1), 17(a)(2) or 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(1), 77q(a)(2) or 77q(a)(3).

II.

**IT IS FURTHER ORDERED** that Defendants Lowry and 401(k) University, their officers, agents, servants, employees, attorneys, and those persons in active concert or

participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, as principals or aiders and abettors, in connection with the purchase or sale of 401(k) University stock or any other security, by the use of the means or instrumentalities of interstate commerce or of the mails, employing devices, schemes or artifices to defraud; making untrue statements of material facts or omissions of material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or engaging in acts, practices or courses of business which operated or will operate as a fraud or deceit upon purchasers or sellers or prospective purchasers or sellers of 401(k) University stock or any other security, in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5, 17 CFR 240.10b-5 promulgated thereunder.

**III.**

**IT IS FURTHER ORDERED** that:

A. Defendants Lowry and 401(k) University, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are preliminarily enjoined from, directly or indirectly, transferring, selling, assigning, pledging, dissipating, concealing or otherwise disposing of, in any manner, any funds, assets, or other property belonging to, or in the possession, custody or control of Defendants Lowry or 401(k) University, wherever located, except as modified by the Order Authorizing Release of Limited Assets to Christopher A. Lowry; and that

B. Any financial or brokerage institution or other person or entity located within the territorial jurisdiction of the United States courts and holding any funds or other assets in the name, for the benefit or under the control of Lowry or 401(k) University and which receives actual notice of this Order by personal service, express courier service, facsimile or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets, except as provided by the Order Authorizing Release of Limited Assets to Christopher A. Lowry.

IV.

**IT IS FURTHER ORDERED** that Defendants Lowry and 401(k) University:

A. produce to the Plaintiff, within fourteen days of the issuance of this Order, all current accountant's reports, bank statements, documents indicating title to real or personal property, and any other indicia of ownership or interest in property of Lowry or 401(k) University, which indicia of ownership or interest are now in the Defendants' actual or constructive possession;

B. produce to the Plaintiff, within fourteen days of the issuance of this Order, all books, records and other documents in Lowry and 401(k) University's actual or constructive possession relating to the offer or sale of the stock of 401(k) University;

C. provide to the Court, within fourteen days of the issuance of this Order, an accounting of all funds received from investors in connection with the sale of 401(k) University stock, the uses to which such investor funds were put and the amounts of any remaining such funds and their location, and an accounting of any remaining assets of the

Defendants, and their location; provided, however, that nothing in this Order shall be construed to require the Defendants to abandon any constitutional or other legal privilege which they may have available to them; and

D. produce to the Plaintiff, within fourteen days of the issuance of this Order, all books, records and other documents supporting or underlying the accounting provided to the Court pursuant to Paragraph IV.C. above.

V.

**IT IS FURTHER ORDERED** that Defendants Lowry and 401(k) University, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and are hereby preliminarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering or disposing of, in any manner, any of the books, records, documents, computer data, correspondence, brochures, manuals, obligations or other property of or pertaining to the Defendants Lowry or 401(k) University, wherever located.

VI.

IT IS FURTHER ORDERED that the attached Consent and Stipulation of Lowry and 401(k) University be and hereby is, incorporated herein with the same force and effect as if fully set out herein.

**VII.**

IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this matter for all purposes, including, but not limited to: entering an order of permanent injunction; determining the appropriate amount, if any, or disgorgement, prejudgment interest and civil penalties; entertaining any applications for additional relief; and implementing and enforcing the Order.

**VIII.**

IT IS FURTHER ORDERED that there being no just reason for delay, the Clerk of the Court is directed to enter this Order of Preliminary Injunction.

Michael J. Davis

HONORABLE MICHAEL J. DAVIS
UNITED STATES DISTRICT JUDGE

Dated: February 23, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER A. LOWRY and FOUNTAINHEAD RETIREMENT PLAN SERVICES, INC. d/b/a 401(k) UNIVERSITY,<br><br>Defendants. | CIVIL ACTION<br>FILE NO. 00-348 (MJD/JGL) |

**CONSENT AND STIPULATION OF CHRISTOPHER A. LOWRY AND FOUNTAINHEAD RETIREMENT PLAN SERVICES, INC. d/b/a 401(k) UNIVERSITY**

A. Defendants Christopher A. Lowry ("Lowry") and Fountainhead Retirement Plan Services, Inc. d/b/a 401(k) University ("401(k) University"):

1. Acknowledge receipt of the Verified Complaint for Temporary Restraining Order, Preliminary and Permanent Injunctive and Other Equitable Relief ("Verified Complaint") and Summons of Plaintiff Securities and Exchange Commission ("SEC") in this action, enter a general appearance, admit the jurisdiction of this Court over them and over the subject matter hereof, and waive the filing of an Answer prior to the entry of an Order of Preliminary Injunction against them;

2. Without admitting or denying the allegations of the Verified Complaint, except as to jurisdiction, which is admitted, hereby voluntarily consent to the entry of the attached Order of Preliminary Injunction ("Order") against them without further notice;

FILED__________
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

3. Enter into this Consent and Stipulation ("Consent") voluntarily and acknowledge that no threats, offers, promises or inducements of any kind whatsoever have been made by the SEC or anyone else in consideration of this Consent;

4. Waive any right that they may have to appeal from the Order;

5. Understand that the terms of the Order are enforceable through contempt proceedings;

6. Agree that they will not oppose enforcement of the Order on the ground that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waive any objections based thereon;

7. Agree that they do not and will not oppose the validity of the attached Order on any jurisdictional ground;

8. Waive service upon them of the Order, agree that the Order may be presented by the SEC to the Court for signature and entry without further notice, and agree that the entry of the Order by the Court and filing with the Clerk in the United States District Court for the District of Minnesota will constitute notice to them of the terms and conditions of such Order:

9. Agree that the Court shall retain jurisdiction of this matter for all purposes; and

B. Plaintiff and Defendants Lowry and 401(k) University agree that this Consent shall be incorporated by reference into the Order with the same force and effect as if fully set forth therein.

C. Plaintiff and Defendants Lowry and 401(k) University waive the entry of findings of fact and conclusions of law pursuant to the Rule 52 of the Federal Rules of Civil Procedure.

CHRISTOPHER A. LOWRY,
individually, and as authorized agent for
FOUNTAINHEAD RETIREMENT
PLAN SERVICES, INC. d/b/a
401(k) UNIVERSITY

Dated: 2-23-00

Sworn to before me this 23rd day of February, 2000

NOTARY PUBLIC

My Commission expires: 5/3/2000

"OFFICIAL SEAL"
RESA STUEBER
Notary Public, State of Illinois
My Commission Expires May 03, 2000

Linda T. Ieleja
One of the Attorneys for Plaintiff
Securities and Exchange Commission
500 W. Madison Street, Suite 1400
Chicago, IL 60661
(312) 353-7390

Dated: 2/23/00