# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States Securities
and Exchange Commission

Case No. Civil 00-348 MJD/JGL

v.

**JUDGMENT IN A CIVIL CASE**

Christopher A. Lowry and
Fountainhead Retirement
Plan Services, Inc. d/b/a
401(k) University

---

( ) **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

(X) **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED THAT:**

See attachment.

DATE: December 7, 2000

FRANCIS E. DOSAL, CLERK

Shirley Hansen

Shirley Hansen, Deputy Clerk

32

**FINAL ORDER AND JUDGMENT OF**
**PERMANENT INJUNCTION AND OTHER RELIEF**

Plaintiff United States Securities and Exchange Commission (the "Commission"), having filed an Amended Verified Complaint for a Temporary Restraining Order, Preliminary and Permanent Injunction and Other Equitable Relief ("Complaint") in this matter, and Defendants Christopher A. Lowry ("Lowry") and Fountainhead Retirement Plan Services, Inc. d/b/a 401(k) University ("401(k) University") (collectively, "Defendants"), in their respective Consent and Stipulations attached hereto and incorporated herein (collectively, "Consents"), having each acknowledged receipt of the Complaint and admitted the personal jurisdiction of this Court over them, and both the Commission and Defendants having waived the entry of Findings of Fact and Conclusions of Law as provided by Rule 52 of the Federal Rules of Civil Procedure, and Lowry and 401(k) University, without admitting or denying the allegations of the Complaint except as to jurisdiction, and without trial, argument, or adjudication of any issue of fact or law herein,

having consented to the entry of this Final Order and Judgment of Permanent Inj. nction and Other Equitable Relief ("Final Judgment"), and it further appearing that the Cou has jurisdiction over the parties and the subject matter hereof, and the Court being fu ly advised in the premises:

**I.**

**IT IS THEREFORE ORDERED** that Lowry and 401(k) University, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are permanently enjoined from, directly or indirectly, as principals or aiders and abettors, in the offer or sale of 401(k) University stock or any other security, by the use of the means or instruments of transportation or communication in interstate commerce or by the use of the mails, employing devices, schemes or artifices to defraud; obtaining money or property by means of untrue statements of material facts or omissions of material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or engaging in transactions, practices or courses of business which operates or would operate as a fraud or deceit upon purchasers or prospective purchasers of 401(k) University stock or any other security, in violation of Sections 17(a)(1), 17(a)(2) or 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(1), 77q(a)(2) or 77q(a)(3).

**II.**

**IT IS FURTHER ORDERED** that Lowry and 401(k) University, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation

with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are permanently enjoined from, directly or indirectly, as principals or aiders and abettors, in connection with the purchase or sale of 401(k) University stock or any other security, by the use of the means or instrumentalities of interstate commerce or of the mails, employing devices, schemes or artifices to defraud; making untrue statements of material facts or omissions of material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or engaging in acts, practices or courses of business which operate or would operate as a fraud or deceit upon purchasers or sellers or prospective purchasers or sellers of 401(k) University stock or any other security, in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5, 17 CFR § 240.10b-5, promulgated thereunder.

III.

**IT IS FURTHER ORDERED** that Lowry shall pay disgorgement as follows:

A. (1) if, within 180 days from the date of this Order, Lowry is able to obtain a loan secured by the property located at 1962 Beechwood Avenue in St. Paul, Minnesota (the "Property"), he shall deposit $156,500 into the registry of the Court by bank or cashier's check within one business day after receipt of the proceeds from such loan; or (2) if, within 180 days from the date of this Order, Lowry has been unable to obtain a loan secured by the Property, he and his wife, Luba Lowry, shall within one business day execute and transfer to a receiver or other person or entity designated by the Court a quitclaim deed for the Property. The receiver or other person or entity designated by the Court shall promptly effect a sale and remit to the

registry of the Court the sale price, less reasonable transaction costs. Should the amount remitted to the registry of the Court be more than $156,500, the excess shall be retained and applied to Lowry's prejudgment interest obligation as set forth in subparagraph III.B. below. Should the amount remitted to the registry of the Court be less than $156,500, Lowry shall pay the shortfall to the registry of the Court by bank or cashier's check within 10 days of the sale.

B. In addition to the amount remitted to the registry of the Court, Lowry shall also pay prejudgment interest on $156,500 at the IRS rate of interest for underpayment of taxes, compounded quarterly, from the date Lowry first received the funds through the date of payment into the registry of the Court, which he shall remit to the registry of the Court by bank or cashier's check within 10 days of the mortgage or sale.

IV.

**IT IS FURTHER ORDERED** that based upon Lowry's sworn representations in his Statement of Financial Condition dated March 30, 2000 and submitted to the Commission, and the deposition of Christopher A. Lowry taken on May 4, 2000, the Court is not ordering Lowry to pay a civil penalty pursuant to Section 20(d) of the Securities Act or Section 21(d)(3) of the Exchange Act. The determination not to impose a civil penalty is contingent upon the accuracy and completeness of Lowry's sworn representations to the Commission concerning his assets, income, liabilities, and net worth, as described in his sworn Statement of Financial Condition dated March 30, 2000 and submitted to the Commission, and in the deposition of Christopher A. Lowry taken on May 4, 2000. If at any time following the entry of this Final Judgment the Commission obtains information indicating

that the representations made by Lowry to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Lowry, petition this Court for an order requiring Lowry to pay a civil penalty and post-judgment interest thereon. In connection with any such petition, the only issue shall be whether the financial information provided by Lowry to the Commission was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, and the amount of civil penalty to be imposed. In any such petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Lowry to pay funds or assets, directing the forfeiture of any assets or sanctions for contempt of this Final Judgment, and the Commission may also request additional discovery. Lowry may not, by way of defense to such petition, challenge the validity of his Consent and Stipulation or of this Final Judgment, contest the allegations in the Complaint filed by the Commission or the amount of the civil penalty, or assert that a civil penalty should not be ordered.

V.

**IT IS FURTHER ORDERED** that Lowry shall cause the funds which have been retained in his personal bank account, No. 8238005265 at TCF National Bank, pursuant to the Order of Preliminary Injunction and Other Relief dated February 23, 2000, to be transferred to a newly established bank account in his name at TCF National Bank. Lowry and his agents, servants, employees, attorneys and those persons in active concert or participation with him

who receive actual notice of this Order by personal service or otherwise, and each of them, are enjoined from, directly or indirectly, transferring, selling, assigning, pledging, dissipating, concealing or otherwise disposing of, in any manner, the funds in such new account until such time as Lowry's disgorgement obligations as set forth in Section III of this Order are fully satisfied.

VI.

**IT IS FURTHER ORDERED** that 401(k) University shall cause the funds which have been retained in its bank account, No. 6008388 at Midway National Bank, pursuant to the Order of Preliminary Injunction and Other Relief dated February 23, 2000, to be transferred to a newly established bank account in its name at Midway National Bank. 401(k) University and its officers, directors, agents, servants, employees, attorneys and those persons in active concert or participation with it who receive actual notice of this Order by personal service or otherwise, and each of them, are enjoined from, directly or indirectly, transferring, selling, assigning, pledging, dissipating, concealing or otherwise disposing of, in any manner, the funds in such new account until such time as Lowry's disgorgement obligations as set forth in Section III of this Order are fully satisfied.

VII.

**IT IS FURTHER ORDERED** that each of the attached Consents of Lowry and 401(k) University are incorporated herein with the same force and effect as if fully set out herein and that Lowry and 401(k) University shall comply with their respective Consents.

VIII.

**IT IS FURTHER ORDERED** that there being no just reason for delay, the Clerk of the Court is hereby directed to enter this Final Judgment.

IX.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this action for all purposes, including enforcement of this Final Judgment.